OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
*631 Petitioner, an Assistant Public Defender, was ordered by a City Court Judge to proceed to trial representing a criminal defendant, in spite of the fact that petitioner’s office was also representing the People’s primary witness in an unrelated criminal proceeding. Both petitioner and the People were further directed not to question the witness on the criminal charge or the plea agreement he had reached. Petitioner refused to proceed, believing that to do so would involve an ethical violation on his part and a denial of effective assistance of counsel to his client. By this article 78 proceeding, petitioner has challenged the resulting adjudication of criminal contempt.
Petitioner argues that the court’s order was not a “lawful mandate” that he was required to obey (Judiciary Law, § 750, subd A, par 3), because the order required him to represent a client in violation of both the disciplinary rules concerning the representation of clients with conflicting interests and the client’s constitutional right to counsel. Notwithstanding petitioner’s good-faith belief that the court’s order raised this conflict of interest, we agree with the Appellate Division that the court’s order was not thereby rendered unlawful. However misguided and erroneous the court’s order may have been, petitioner was not free to disregard it and decide for himself the manner in which to proceed (Maness v Meyers, 419 US 449, 458). The prejudice sought to be avoided by petitioner was not irreparable; indeed, in both the case of the defendant and the witness, any prejudice could have been remedied through the appellate process.
The issues raised concerning the propriety of the penalty imposed are not set forth in the petition and, accordingly, are not preserved for review by this court.