■ SHARA L. SPRECHER, an Infant, by Her Parent and Natural Guardian, KAREN E. TENENBAUM, et al., Appellants, v PORT WASHINGTON UNION FREE SCHOOL DISTRICT et al., Respondents.—In an action to recover damages, *inter alia,* for negligence, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated December 12, 1988, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The instant action has its genesis in a custody dispute between the plaintiff Karen Eve Tenenbaum, the mother of the infant plaintiffs, and the infant plaintiffs' natural father. On May 7, 1987, the natural father served the defendant Thomas Lovett, then the principal of the infant plaintiffs' school, with a Texas order which had been certified by an associate clerk of the Family Court, Nassau County, and which transferred custody of the infant plaintiffs from their mother to their father. In compliance with the Texas order, Lovett released the infant plaintiffs to the custody of their natural father. The instant action was commenced against Lovett and the Port Washington Union Free School District alleging, *inter alia,* that they were negligent in the discharge of their duty of care toward the infant plaintiffs while they were in their custody.

Preliminarily, we note that appellate review is limited to the record before the court of first instance (see, *Block v Magee*, 146 AD2d 730; *Broida v Bancroft*, 103 AD2d 88, 93). Therefore, we have not considered the papers submitted in connection with the plaintiffs' unsuccessful motion for leave to reargue which were included in the record on appeal.

Turning to the merits, the school district had a duty to exercise the same degree of care toward the students in its custody as a reasonably prudent parent would exercise under comparable circumstances (see, *Lawes v Board of Educ.*, 16 NY2d 302, 305; *Gattyan v Scarsdale Union Free School Dist. No. 1,* 152 AD2d 650, 651; *Toure v Board of Educ.*, 127 AD2d

759). In their supporting papers, the defendants made an adequate prima facie showing as a matter of law that Lovett's actions in obeying the Texas court order were those of a reasonably prudent parent. Generally, a lawful order of a court must be obeyed or the individual against whom such an order is directed may be liable for contempt for his failure to do so (see, Judiciary Law §§ 750, 753; *Matter of Balter v Regan*, 63 NY2d 630, *cert denied* 469 US 934; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583). Moreover, when faced with a court order, one is not free to simply ignore it on the ground that it may be erroneous. Rather the remedy lies in a judicial challenge to the allegedly erroneous order (see, *Matter of Rivera v Smith*, 63 NY2d 501, 516; *Matter of Balter v Regan, supra*).

The opposing papers which consisted of the affirmation of the plaintiffs' attorney to which several documents were attached did not supply the necessary admissible evidentiary showing to successfully resist the motion (see, CPLR 3212 [b]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.