■ SUN COMPANY, INC. (R & M), et al., Appellants-Respondents, v CITY OF SYRACUSE INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents-Appellants. MOBIL OIL CORPORATION, Intervenor-Appellant-Respondent. [602 NYS2d 456] —Order unanimously affirmed without costs. Memorandum: Plaintiffs and intervenor are the owners of various properties in the Oil City area of Syracuse. Defendant City of Syracuse Industrial Development Agency (SIDA) is pursuing a development plan for the area and has entered into a contract for that purpose with defendant Pyramid Companies. In January 1993, SIDA notified plaintiffs and intervenor that it intended to enter the properties for the purpose of making visual inspections. Plaintiffs sought an injunction barring such entry and a judgment declaring that SIDA was not a lawful condemnor. SIDA counterclaimed for an injunction barring interference with its inspections.

Supreme Court properly dismissed the complaints of plaintiffs and intervenor as premature. EDPL article 2 sets forth the procedure for challenging a condemnation, and a condemnation proceeding is a necessary prerequisite for such a challenge. As yet, SIDA has not condemned any of the subject property. Moreover, should there be a condemnation, any challenge is within the exclusive jurisdiction of the Appellate Division of Supreme Court (EDPL 207 [B]; 208; *see also, Matter of Broome County*, 159 AD2d 790, *lv denied* 76 NY2d 709, *mot to dismiss appeal granted* 76 NY2d 771).

Supreme Court also properly enjoined plaintiffs and intervenor from interfering with SIDA's entering and making visual inspections of the properties. SIDA's right to conduct those inspections is granted by statute *(see,* EDPL 404). Supreme Court's order that SIDA file a bond in the amount of $500,000 in favor of the property owners and that SIDA comply with the owners' safety and liability release requirements was properly calculated to protect the property owners from any damage that might result from SIDA's inspections *(see generally, Matter of Northville Dock Pipe Line Corp. v Fanning,* 21 NY2d 616; Transportation Corporations Law § 81 [1]).

SIDA's argument that EDPL 404 prohibits placing any limitations upon a potential condemnor's right of entry is not supported by *Power Auth. v Potocnik* (124 AD2d 914). The Third Department in that case held only that such limitations

as restricting the size of trees that could be cut, the location of test borings and the use of track vehicles could not be imposed upon a right of entry, especially because any damages caused thereby were compensable under EDPL 404. It did not hold that a bond to cover damage could not be required. (Appeals from Order of Supreme Court, Onondaga County, Hayes, J.—Dismiss Complaint.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.