■ In the Matter of VILLAGE OF ST. JOHNSVILLE, Respondent, v RICHARD TRIUMPHO et al., Appellants. [632 NYS2d 263] —Casey, J. Appeal from an order of the Supreme Court (Best, J.), entered May 19, 1994 in Montgomery County, which, in a proceeding pursuant to EDPL article 4, denied respondent Richard Triumpho's cross motion to vacate an order of investigative access by petitioner upon a certain portion of his property which petitioner intended to acquire for use as a water treatment plant.

To facilitate its plans to construct a municipally owned water treatment system, petitioner sought access to a portion of respondent Richard Triumpho's property to determine the suitability of the property as a site for a water treatment plant. When petitioner's agents were denied access to the property, petitioner commenced this proceeding pursuant to EDPL article 4 and obtained an order which enjoined respondents from denying petitioner access to the property. Petitioner's agents were again denied access to the property and petitioner moved to hold respondents in contempt for refusing to comply with the prior order. Respondents cross-moved to vacate the order. Supreme Court denied the cross motion as premature, reaffirmed its prior order which enjoined respondents from denying petitioner access to the property, and reserved decision on the contempt motion. Respondents took an appeal from this second order.

During the pendency of this appeal, respondents again denied petitioner's agents access to the property. As a result, Supreme Court held respondents in civil and criminal contempt, but reserved decision regarding petitioner's damages and the punishment to be imposed on respondents. Respondents did not appeal the contempt order. In the meantime, petitioner acquired another parcel of property for its water treatment plant.

Petitioner contends that as a result of its acquisition of other property, it no longer has any interest in acquiring or gaining access to Triumpho's property and, therefore, according to petitioner, respondents' appeal from the order which enjoined them from denying petitioner access to the property is moot. Respondents contend that the appeal is not moot because Supreme Court's subsequent finding of civil and criminal contempt is dependent upon the validity of the order on appeal. Respondents also argue, in the alternative, that the facts of this case fall within an exception to the mootness doctrine. We agree with petitioner that the appeal is moot.

The order on appeal enjoined respondents from denying petitioner access to Triumpho's property. Inasmuch as petitioner no longer seeks access to the property, the order no longer has any effect on respondents' rights regarding the property. Respondents concede as much, but claim that the appeal is not moot because they remain subject to the contempt order which is based upon their violation of the order on appeal. Thus, according to respondents, if the order on appeal is reversed, the contempt order will no longer be valid. The argument is meritless.

The existence of a "lawful order of the court clearly expressing an unequivocal mandate" is an essential element of both civil and criminal contempt (*Matter of Department of Envtl. Protection v Department of Envtl. Conservation*, 70 NY2d 233, 240). But a "lawful order" does not mean one free from error. However misguided and erroneous a court's order may be, a party is not free to disregard it and decide for himself the manner in which to proceed (*see, Matter of Balter v Regan*, 63 NY2d 630, 631, *cert denied* 469 US 934). "[A]n order of a court must be obeyed, no matter how erroneous it may be, so long as the court is possessed of jurisdiction and its order is not void on its face" (*City School Dist. v Schenectady Fedn. of Teachers*, 49 AD2d 395, 397, *lv denied* 38 NY2d 707, 820, *appeal dismissed* 38 NY2d 820, 826; *see, Sprecher v Port Washington Union Free School Dist.*, 166 AD2d 700, 701). There is no claim that Supreme Court lacked personal jurisdiction, and the court clearly had subject matter jurisdiction to enforce petitioner's EDPL 404 right to enter the property prior to acquisition (*see, Sun Co. v City of Syracuse Indus. Dev. Agency*, 197 AD2d 912). The arguments raised by the merits of this appeal are directed not at the court's competence to hear and determine the subject matter in controversy, but at the propriety of the order itself. Accordingly, even if we were to accept the arguments and reverse the order being appealed, it would have no effect on the contempt findings because respondents were not free to ignore the order while it remained in effect (*see, Ketchum v Edwards*, 153 NY 534, 538-539).

Respondents' alternative argument on the mootness issue is based upon the exception to the doctrine where there is "(1) a likelihood of repetition * * *; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). Assuming that the first and third criteria are satisfied here, we reject respondents' claim that the context in which the issues arose presents a phenomenon

typically evading review. The issues raised by the merits of this appeal involve the conditions which must be met before a condemnor can enter certain types of property prior to acquisition pursuant to EDPL 404. According to respondents, it is likely that in all cases involving the same issues, the inspections will be completed before appellate review can occur. Assuming that respondents' claim is correct, it is irrelevant to the question of whether this case fits within the exception to the mootness doctrine. This appeal is not moot because the inspections were completed, a matter wholly beyond respondents' control. This appeal is moot because respondents' defiance of the order on appeal effectively forced petitioner to seek another site for its water treatment plant to avoid the loss of Federal funds. As a result of respondents' conduct, there was no inspection of the property. Thus, we need not decide whether completion of the inspection would have rendered this appeal moot and, if so, whether the exception to the mootness doctrine is applicable. We hold only that the unique circumstances which rendered this appeal moot do not merit an exception to the mootness doctrine.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, with costs.