OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be reversed and the matter remitted to that court for consideration of the People’s appeal.
 

 Defendant was arrested and charged with driving while intoxicated. The arresting officer testified at the suppression hearing that defendant agreed to take a breathalyzer test, after admitting to having had "a few beers.” The officer added that the test was administered approximately two and one-half hours after the arrest. Defendant had moved to suppress the results of the test on the ground that it was administered more than two hours after arrest. Criminal Court granted the motion. The Appellate Term dismissed the People’s appeal as not authorized, and a Judge of this Court granted the People leave to appeal.
 

 The sole issue is whether a People’s appeal to an intermediate appellate court is authorized to challenge a trial court ruling suppressing the results of a consented-to chemical test. CPL 450.20 (8) provides an as-of-right appeal to the People from a criminal court "order suppressing evidence, entered before trial pursuant to section 710.20.” Subdivision (5) of CPL 710.20 authorizes suppression of results of chemical blood tests "administered in violation of the provisions of subdivision three of section eleven hundred ninety-four of the vehicle and traffic law, subdivision eight of section forty-nine-a of the navigation law
 
 or any other applicable
 
 law” (emphasis added).
 

 Defendant urges a statutorily construed limitation only on the People’s right to appeal from certain orders granting suppression. We find the argument unpersuasive, because the plain language of CPL 710.20 (5) does not contain, import or justify any such one-sided appeal limitation. Since it permits suppression not only of court-ordered chemical tests, but also tests administered pursuant to "any other applicable law,” the
 
 *876
 
 People’s appeal options under CPL 450.20 (8) incorporate the whole of CPL 710.20. Thus, the restriction defendant would have this Court impose finds no support in the statutory language authorizing the People’s appeal.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.