■ Judi R. Skripek, Respondent, v Joseph P. Skripek, Appellant. [658 NYS2d 62] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Orange County (DiBlasi, J.), dated March 22, 1996, which, upon his failure to comply with certain provisions of a prior order of the same court dated July 17, 1995, *inter alia,* adjudged him guilty of criminal contempt and imposed a $1,000 fine and a term of imprisonment of 30 days.

Ordered that the order is affirmed, with costs.

Initially, where as here, there is no allegation that the Trial Justice is legally disqualified from presiding over the proceeding (*see,* Judiciary Law § 14), disqualification is only appropriate where the court's impartiality might reasonably be questioned (*see, Matter of Johnson v Hornblass,* 93 AD2d 732). On the record before this Court, we conclude that the Trial Justice did not improvidently exercise his discretion in concluding that his recusal was not warranted (*see, Matter of D'Alessio v Gilberg,* 208 AD2d 625).

Further, notwithstanding a party's good faith belief that a court's order raises a conflict and irrespective of how misguided and erroneous the court's order may be, a party is not free to disregard it and decide for himself the manner in which to proceed (*see, Maness v Meyers,* 419 US 449, 458; *Matter of Balter v Regan,* 63 NY2d 630, *cert denied* 469 US 934; *Matter of*

*Village of St. Johnsville v Triumpho*, 220 AD2d 847, 848; *Sprecher v Port Washington Union Free School Dist.*, 166 AD2d 700). Courts have repeatedly held that criminal contempt proceedings do not fall within the scope of the automatic stay under section 362 (a) of the United States Bankruptcy Code (11 USC § 362 [a]; *see, In re Maloney*, 204 Bankr 671; *In re Moon*, 201 Bankr 79, 84-85; *In re Newman*, 196 Bankr 700, 704; *In re Campbell*, 185 Bankr 628; *In re Kearns*, 168 Bankr 423; *In re Rook*, 102 Bankr 490, 493-494; *see also, Scully v Iowa Dist. Ct.*, 489 NW2d 389, 392-393 [Iowa]).

In the case herein, where the order appealed from clearly served to punish the defendant for disregarding a prior order of the court dated July 17, 1995, the order appealed from was issued to protect the dignity and the power of the court to regulate proceedings before it. Accordingly, the defendant was not at liberty to disregard the earlier order, where at the time it was issued, that order was facially valid and sufficiently clear (*see*, 11 USC § 362 [b] [1], [4]; *Matter of Rivera v Smith*, 63 NY2d 501, 516; *Sigmoil Resources N.V. v Vittorio Lecca Ducagini Duca Di Guevara Suardo Fabbri*, 228 AD2d 335; *Kampf v Worth*, 108 AD2d 841, 842; *In re Maloney, supra*, 204 Bankr, at 671; *In re Newman, supra*, 196 Bankr, at 704; *In re Campbell, supra*, 185 Bankr, at 631; *In re Rook, supra*, 102 Bankr, at 495) and the court had jurisdiction over the matter (*see, In re Maloney, supra; In re Newman, supra*). Thus, the court's adjudication of criminal contempt was proper. Bracken, J. P., Sullivan, Santucci and Altman, JJ., concur.

■ JOHN SOG, Appellant, v G.S.E. DYNAMICS, INC., Defendant, and WEN-MAR CONSTRUCTION MANAGEMENT COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. H-T STEEL ERECTORS, INC., Third-Party Defendant-Respondent. [658 NYS2d 351] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered May 3, 1996, as denied his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) insofar as asserted against the defendants Wen-Mar Construction Management Company, Inc., and D & A Enterprises, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) insofar as asserted against the defendants Wen-Mar Construction Management Company, Inc., and D & A Enterprises, Inc., is granted.

The plaintiff, John Sog, a steelworker in the employ of the third-party defendant H-T Steel Erectors, Inc. (hereinafter H-T), was struck by a falling steel joist while working on the construction of a one-story addition to a building in Hauppauge. The building was owned by the defendant D & A Enterprises, Inc. (hereinafter D & A), which contracted with the defendant Wen-Mar Construction Management Company, Inc. (hereinafter Wen-Mar), to erect the structural steel frame for the addition. Wen-Mar in turn subcontracted with H-T to erect the steel frame.

Sog moved for partial summary judgment against D & A and Wen-Mar pursuant to Labor Law § 240 (1). The Supreme Court denied the plaintiff's motion on the ground that there was no evidence that he was working at an elevated level at the time of the accident. We reverse.

While it is true that the safety devices required under Labor Law § 240 (1) "predominantly concern those used on elevated work sites" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491), the purpose of the statute is to protect workers from occupational hazards "related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501).

In support of his motion for partial summary judgment, the plaintiff submitted evidence that he was working at ground level, using a steel cable to "plumb", or straighten, the vertical support columns when a steel joist fell from the structure and struck him. Although there is conflicting evidence in the record as to whether the plaintiff was struck by a tie joist or a bar joist, a report submitted by the plaintiff's expert indicated that both types of steel joists should not be released from hoisting ropes until they are securely fastened in place. The expert concluded that "stays, hangers, ropes or other devices" should have been used to prevent unsecured joists from falling to the ground.

The defendants did not present any evidence to rebut the plaintiff's claim that they failed to provide the safety devices contemplated by Labor Law § 240 (1). Moreover, an employee of H-T stated in his deposition testimony that it was a bar joist which fell and that bar joists placed on top of the building prior to the accident were not fastened in any way. Since the

unrebutted evidence established a breach of the statutory duty and that the breach was a proximate cause of the plaintiff's injury, the plaintiff's motion should have been granted (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Sherman v Babylon Recycling Ctr.,* 218 AD2d 631).

Contrary to Wen-Mar's contention, it was a statutory agent of D & A under Labor Law § 240 (1) since it had the authority to supervise and control the work giving rise to the plaintiff's injuries (*see, Russin v Picciano & Son,* 54 NY2d 311, 318; *McGlynn v Brooklyn Hosp.-Caledonian Hosp.,* 209 AD2d 486). O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.