OPINION OF THE COURT
Dan Lamont, J.
This is an appeal by the People from a decision by the Town Court, Town of Bethlehem (Munnelly, J.), wherein evidence in the case against the defendant was suppressed due to the People’s failure to participate in a court-ordered pretrial hearing.
*71 On December 20, 1998, defendant was arrested in the Town of Bethlehem and charged with driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3), and leaving the scene of a property damage accident in violation of Vehicle and Traffic Law § 600 (1) (a).
On January 28, 1999, the defendant requested that the Town Court order a pretrial hearing to suppress the results of the breathalyzer at trial. The defendant alleged that the police officer who administered the breathalyzer did not adequately follow a departmental operational checklist, and that the defendant was entitled to a pretrial Ayala hearing to examine the facts and circumstances attendant to the administration of the breath test (see, People v Ayala, 89 NY2d 874 [1996]).
The People opposed the defendant’s motion, and also objected to and disputed the existence of the requested Ayala hearing. By written decision dated March 15, 2000, the Town Court ordered the requested pretrial suppression hearing.
The pretrial suppression hearing was scheduled to be held on April 21, 2000. The People appeared, but refused to participate in the hearing — maintaining that the Town Court had erred in ordering the Ayala hearing. By written decision dated July 11, 2000, the Town Court suppressed the breathalyzer test results from being used at trial, citing the People’s refiisal to present evidence at the pretrial hearing. This appeal followed.
The People’s refusal to go forward with the pretrial suppression hearing ordered by the Town Court constrains this Court to affirm the Town Court’s suppression of the results of the breathalyzer test. As succinctly stated by the Court of Appeals: “[hjowever misguided and erroneous the court’s order may have been, [the Assistant District Attorney] was not free to disregard it and decide for [herself] the manner in which to proceed.” (Matter of Brostoff v Berkman, 79 NY2d 938, 940 [1992], citing Matter of Balter v Regan, 63 NY2d 630 [1984].)
Further, this Court finds moot the People’s argument concerning the adequacy of defendant’s motion papers requesting the pretrial suppression hearing. While the court may summarily deny a motion based upon the inadequacy of the defendant’s moving papers, the discretion as to whether or not to grant a pretrial suppression hearing rests with the court (see, People v Mendoza, 82 NY2d 415 [1993]). Once the pretrial suppression hearing was ordered by the Town Court, the People were obligated to proceed.
There is a critical distinction in the law between an unlawful court order and an erroneous court order. That an appellate *72 court might later determine that a lower court’s order was erroneous clearly does not give a litigant in the lower court the right to disobey or disregard such order. If the People were permitted to refuse to go forward in this lawfully ordered hearing, then the People could refuse to go forward in any court-ordered pretrial suppression hearing which they felt had been improperly granted. Fundamental to our legal system is the principle that neither the People nor any other litigant possesses a veto power over lawful court orders. Simply stated, the People’s refusal to offer evidence at, or participate in, the pretrial suppression hearing ordered by the Town Court mandates the affirmance of the Town Court’s suppression order resulting therefrom. Based upon the foregoing, the Town Court’s suppression of the breathalyzer results must be and the same is hereby affirmed.