### TOWN OF HAVERSTRAW, Plaintiff

v.

### Miguel A. BARRERAS, Hector Luis Mateo, Aegis Funding Corporation, Defendants

### No. 04 CIV. 6073(SCR).

United States District Court,
S.D. New York.

March 21, 2005.

---

---

Katherine Zalantis, Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, NY, for Plaintiff.

David M. Ascher, Dorfman, Lynch, Knoebel & Conway, Nyack, NY, for Defendants.

### MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

#### A. Factual History

The Town of Haverstraw (the "Town" or "Plaintiff") is a municipality located in Rockland County, New York.

Miguel A. Barreras ("Barreras") is a resident of Rockland County and the record owner of real property known as 64 West Ramapo Road, Garnerville, N.Y. (the "Property"), which is at issue in this action. Hector Luis Mateo ("Mateo"), who was born in the Dominican Republic, is the brother of Barreras, and has claimed to be, for all practical purposes, the owner of the Property. Aegis Funding Corporation ("Aegis"; Barreras, Mateo and Aegis are collectively referred to herein as the "Defendants") maintains recorded mortgages on the Property.

Mateo and Barreras purchased the property from a corporation controlled by Ilan Schoenberger, a well-known Rockland County politician, in August 2003. Mateo acknowledges that title was transferred to Barreras, but claims that it was his and Barreras' intention to transfer the premises to him after acquiring title. At the crux of Mateo's complaint is his allegation that the Town gave Schoenberger notice of its interest in condemning the Property in October 2002, thereby allowing Schoenberger to dump the property on an unsuspecting Mateo.

Soon after the Property was acquired from Schoenberger, Mateo began performing repair work on the property and, in September 2003, appeared at the Town's Building Department to complete a Building Permit application for repairs and renovations he wished to make on the Property. Mateo claims that, while he was completing the application, the town Building Inspector told him not to complete the application because the Town would soon be taking the Property. Mateo also claims that, at a meeting at Town Hall later that month, the Town Supervisor informed him that the Town's Board had already voted to condemn the property and that he should stop all repair work, although it is now clear that no such vote had taken place by that time.

The Town's interest in the Property stems from the Village (as opposed to the Town) of Haverstraw's decision to disband its own Police Department, thereby leaving the Town to assume its policing responsibilities by the end of 2005. After determining that its existing police facilities were inadequate to perform these new responsibilities, the Town began exploring the possibility of housing its police station at a new location. In January 2004, an architecture firm retained by the Town recommended the construction of a new police facility located where the Property currently sits.

The Town scheduled a public hearing to consider the condemnation of the Property on April 12, 2004 and gave Defendants notice thereof. The hearing was attended by Barreras, Mateo, counsel for Mateo, and other concerned members of the public. Shortly thereafter, the Town made an offer, pursuant to sections 303 and 304 of New York's Eminent Domain Procedure Law ("EDPL"), to acquire the Property for $450,000, an amount that was $85,000 higher than the price paid by Mateo/Barreras to Schoenberger, but, according to Mateo, less than that necessary to compensate Mateo for the improvements he has made to it since. Mateo rejected the offer on August 4, 2004.

### B. Procedural History

The Town filed this action, which is a petition for condemnation of the Property, in the Supreme Court of the State of New York, County of Rockland in June 2004. The Defendants filed notice removing the action to this court in August 2004, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. Later that month, the Town filed a motion to remand, and for an order awarding the Plaintiff the "just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

It is important to note, however, that this is the second case brought between the parties to this particular dispute. The first case, captioned *Mateo v. Phillips et. al.*, 03 Civ. 9941, was filed by Mateo in December 2003, alleging violations of his civil rights by the Town Supervisor and the Town itself largely in connection with the planned condemnation of the Property. In August 2004, Mateo filed an order to show cause seeking several forms of relief: 1) an order directing the Town to permit the issuance of a Building Permit for improvements to the Property; 2) an order consolidating Mateo's 2003 action with the Town's 2004 condemnation action; and 3) an order staying any condemnation proceedings of the Property. This order to show cause is addressed by a companion order of this court also issued on this day.[1]

## II. Analysis

### A. Background

Removal of an action from state to federal court is proper if the latter has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The parties asserting federal jurisdiction, in this case the Defendants, bear the burden of proving that the case is properly in federal court. *See Gilman v. BHC Sec.*, 104 F.3d 1418, 1421 (2d Cir. 1997).

### B. Motion to Remand

■ This case is a condemnation proceeding brought pursuant to the EDPL and, as Plaintiff points out, challenges to condemnations under the EDPL are within the exclusive jurisdiction of New York state courts. *See* N.Y. CLS EDPL §§ 207(B), 501(B); *Sun Co. v. City of Syracuse Indus. Dev. Agency*, 197 A.D.2d 912, 602 N.Y.S.2d 456, 457 (4th Dep't 1993). For this reason, this proceeding cannot be litigated in this court.

Defendants oppose this motion with various arguments, all of which are, in essence, different formulations of the same basic contention: in the course of the condemnation proceedings, the Town has committed multiple violations of Defendants' constitutional and other federal rights, and these violations confer jurisdiction on this court.[2] But regardless of the truth of these allegations, it is axiomatic that the existence of a federal defense does not justify removal. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). This, as well as all other arguments made by Defendants, is unpersuasive.

Therefore, Plaintiff's motion to remand must be granted.

---

1. Despite the Defendants' notice of removal in August 2004, the Supreme Court in Rockland County issued an Order and Judgment in Condemnation, dated November 3, 2004, granting the Town's petition to acquire the Property. But, after recognizing that the action had been removed to this court, the Supreme Court vacated that order on January 10, 2005.

2. In one such formulation of this contention, Defendants assert that federal jurisdiction is proper pursuant to 28 U.S.C. 1443(1), which provides for removal to a federal district court of any civil action commenced in a state court "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." But this provision has long been restrictively interpreted to preclude removal when, as here, the alleged deprivation of rights is attributed to the practices of state officials, rather than the wording of state laws or constitutional provisions. *See New York v. Galamison*, 342 F.2d 255, 271–72 (2d Cir.1965).

### C. Plaintiff's Motion For Costs Of Removal

 Plaintiff requests that the court order Defendants to pay costs incurred as a result of removal. Federal law allows, but does not require, that the court award costs when a case is remanded to state court. *See* 28 U.S.C. 1447(c) ("An order remanding a case *may* require....") (emphasis added). Given this discretion, the court declines to award costs to the Plaintiff in this case.

### III. Conclusion

For these reasons, Plaintiff's motion to remand is GRANTED, but Plaintiff's motion for costs related thereto is DENIED.

The clerk of the court is directed to close this case.

It is so ordered.