Y.R. v A.O.R. (2024 NY Slip Op 51487(U))

[*1]

Y.R. v A.O.R.

2024 NY Slip Op 51487(U)

Decided on October 31, 2024

Supreme Court, Nassau County

Dane, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 31, 2024
Supreme Court, Nassau County

Y.R., Plaintiff,

against
A.O.R., Defendant.

Index No. xxxxxx/2011

Edmund M. Dane, J.

The following papers have been read on this motion:
Plaintiff's Notice of Motion dated July 11, 2024 x
Defendant's Opposition dated August 13, 2024 x
Plaintiff's Reply dated August 27, 2024 x
 INTRODUCTION
The instant application allows this Court to examine the appropriateness of the issuance of a warrant of eviction as a remedy in post-judgment matrimonial proceedings. In this post-judgment proceeding, a residence in Great Neck, New York, is at issue. Under the parties' Stipulation of Settlement,[FN1]
which was signed in 2012, the Defendant was to either list and sell the residence at issue for sale by March 1, 2017 or purchase the Plaintiff's interest in and to the residence at issue for the principal sum of $75,000.00.[FN2]
The Defendant did neither. Since the inception of this post-judgment litigation, which commenced more than two (2) years ago, the Defendant has refused to comply with her contractual and court-ordered obligations: either list the residence at issue for sale or pay any portion of the $75,000.00 owed to the Plaintiff. Even after the Defendant served all twenty-eight (28) days of a sentence of incarceration imposed upon her by this Court for interference with the Plaintiff's duties as Receiver with respect to the residence at issue, the Defendant still refuses to list the residence at issue for sale or pay any portion of the $75,000.00 owed to the Plaintiff. Even after the Defendant commenced a plenary action ten (10) years after the execution of a Stipulation of Settlement seeking to vitiate that Stipulation, and even after that plenary action was dismissed summarily on motion, the Defendant still refuses to list the residence at issue Residence for sale or pay any portion of the $75,000.00 owed to the Plaintiff.
While the Court recognizes that the remedy may be, in the first instance, extreme, under [*2]the facts and circumstances of this case, the Court finds the issuance of a warrant of eviction to be an appropriate remedy. The Court has given substantial weight to the Defendant's conduct during these proceedings as described herein supra and infra. The Court also takes judicial notice of its prior Orders. A court may take judicial notice of its own prior proceedings and orders. Matter of Shirley v. Shirley, 101 AD3d 1391 (3d Dept. 2012). As set forth in the Court's October 2022 Order, the Defendant herself wrote to her own counsel:
"...find a different way of fighting this case. I will not give up the apartment!!! He did not earn it!!! And I don't care what the Big JUDGE says..."
The Defendant's obstinance during these proceedings is consistent with her email to her counsel and is second only to her outright disdain for the Order(s) of this Court, her scorn towards the Plaintiff, and her derision to the sanctity of the terms of the parties' bargained-for Stipulation of Settlement. For the reasons hereinabove and for the reasons that follow, the Court directs the Defendant to vacate the residence at issue within a time certain and, to the extent she fails to do so, the Court will execute a warrant of eviction directing the Sheriff to remove the Defendant from the residence at issue.

 PRELIMINARY STATEMENT
The Plaintiff moves by Notice of Motion dated July 11, 2024 (Motion Sequence No.: 016)[FN3]
seeking an Order: (a) Issuing a Warrant of Eviction directing the Sheriff to remove Defendant from the residence located at xxxxx, Apartment xx, Great Neck, NY; and (b) Granting Plaintiff's counsel, Wisselman Harounian Family Law, leave to file a separate application for counsel fees relating to all post judgment proceedings; (c) Such other, further and different relief as to this Court may seem just, proper and equitable.

BACKGROUND
This case has a tortured litigation history encompassing multiple post-judgment motions and a separately filed plenary action (see infra) which sought to vitiate the parties' Stipulation of Settlement. The parties were married on March 27, 2000. There are no unemancipated children of this marriage. The parties' underlying matrimonial action was commenced in 2011 (hereinafter referred to as the "Matrimonial Action"). The Matrimonial Action was settled by a written Stipulation of Settlement dated June 19, 2012 (hereinafter referred to as the "Stipulation"), which was so ordered by the Hon. Geoffrey J. O'Connell, J.H.O. The parties were thereupon divorced by a Judgment of Divorce dated November 29, 2012 (Geoffrey J. O'Connell, J.H.O.) (hereinafter referred to as the "Judgment"). During the matrimonial action, the Defendant was represented by Steven Borofsky, Esq., and the Plaintiff was represented by Jacqueline Harounian, Esq.
On October 17, 2018, after the parties settled the Matrimonial Action, the parties executed a Stipulation which was so ordered by the undersigned Justice on October 26, 2018 (hereinafter referred to as the "October 2018 Stipulation"). At that time, the Defendant was represented by Barton Resnicoff, Esq., and the Plaintiff was represented by Eran Regev, Esq.
In the Matrimonial Action, and on March 1, 2022, the Plaintiff filed an Order to Show [*3]Cause. By Short Form Order dated May 19, 2022 (hereinafter referred to as the "May 2022 Order"), this Court, in sum and substance, denied that application without prejudice for failure to make proper service. The Plaintiff filed that application by and through counsel, Wisselman Harounian Family Law, which firm remains as his counsel to date. The Plaintiff thereupon filed an Order to Show Cause dated May 19, 2022. The Defendant interposed a Notice of Cross-Motion dated July 14, 2022. The Defendant interposed her cross-motion by and through counsel, Barton R. Resnicoff, Esq. By Decision and Order of this Court dated October 11, 2022 (hereinafter referred to as the "October 2022 Order"), this Court, inter alia and in sum and substance, denied so much of the Defendant's application seeking dismissal based upon "improper procedure", denied so much of the Defendant's application seeking dismissal based upon a lack of proper acknowledgment, denied, without prejudice, so much of the Defendant's application to set aside the Stipulation without prejudice, denied so much of the Defendant's application which sought counsel fees, granted so much of the Plaintiff's application which sought to appoint him as uncompensated Receiver of the residence located at xxxx, Apt. xx, Great Neck, New York (hereinafter referred to as the "Great Neck Residence"), restrained the Defendant from interfering with the discharge of the Plaintiff's duties as uncompensated Receiver, denied the Plaintiff's request for an adjudication of contempt against the Defendant, and granted the Plaintiff counsel fees in the sum of $2,765.00.
In the Matrimonial Action, and on or about November 16, 2022, the Defendant executed a Consent to Change Attorney Form whereupon she substituted the firm of Simonetti & Associates in place and stead of Barton R. Resnicoff, P.C. Simonetti & Associates remains as the Defendant's counsel to date.
On December 2, 2022, this Court signed an Order to Show Cause filed by the Plaintiff in the Matrimonial Action. Upon the signing of that Order to Show Cause, this Court issued the following interim Order:
ORDERED, that the parties shall fully cooperate with the listing broker, Andee Grieff of Douglas Elliman, or any other broker selected by Plaintiff, with regard to showing of the residence to interested buyers...
On or about January 5, 2023, the Defendant commenced a separate plenary action entitled A.O.. Plaintiff, against Y.R., Defendant, under Index No.: xxxxxx/2023 (hereinafter referred to as the "Plenary Action") seeking, inter alia and in sum and substance, to set aside the provisions of the parties' Stipulation in the Matrimonial Action.
By correspondence to the Court on February 6, 2023, the Plaintiff withdrew the Order to Show Cause dated December 2, 2022 in the Matrimonial Action.
On March 17, 2023, this Court signed an Order to Show Cause filed by the Plaintiff in the Matrimonial Action. Upon the signing of that Order to Show Cause, this Court issued the following interim Orders:
ORDERED, that Plaintiff, as Receiver, and any listing broker are granted immediate access to facilitate the sale of the marital residence, located at xxxx, Apartment xx, Great Neck, New York; and it is further
ORDERED, that the parties shall fully cooperate with any listing broker, or any other broker selected by Plaintiff, with regard to viewing, marketing and showing of the Great Neck residence to interested buyers.
In the Matrimonial Action, by Decision and Order of this Court dated June 20, 2023 (hereinafter referred to as the "June 2023 Order") this Court, inter alia and in sum and substance, adjudicated the Defendant to be in civil contempt of this Court's October 2022 Order, and directed her to appear for sentencing on August 22, 2023, unless she purged her contempt by cooperating with the Plaintiff in his capacity(ies) as Receiver in effectuating the sale of the Great Neck Residence and cooperated with the listing broker of said premises with respect to any action necessary to effectuate the sale of said premises. The Court also, in the June 2023 Order, in sum and substance, denied the Plaintiff's application to direct access to said premises with police assistance, and denied without prejudice and with leave to renew the Plaintiff's application for reimbursement of counsel fees.
In the Matrimonial Action, the parties and counsel appeared for sentencing (see supra) on August 22, 2023, and the Court thereupon adjourned the sentencing to October 3, 2023. On October 3, 2023, the parties, and counsel, again appeared for sentencing. On October 3, 2023, this Court issued an Order of Commitment for Civil Contempt, which, inter alia and in sum and substance, directing that the Defendant be committed to the custody of the Sheriff or Commissions of Corrections of the County of Nassau and that she be imprisoned for a period of twenty-eight (28) days unless the Defendant purged her contempt by tendering a set of keys to the Plaintiff so as to enable the Plaintiff and his broker/sales person to photograph the subject premises (referenced above) and otherwise cooperate with the Plaintiff regarding the sale of the subject premises. The aforesaid twenty-eight (28) day sentence expired on October 31, 2023. The Defendant did not "purge" her contempt and served all twenty-eight (28) days of the sentence imposed upon her by the undersigned Justice.
In the Matrimonial Action, the Plaintiff filed a Notice of Motion dated July 21, 2023. The Plaintiff thereupon filed another Notice of Motion dated November 15, 2023. By Decision and Order of this Court dated January 8, 2024 (hereinafter referred to as "The Matrimonial Action January 2024 Order"), all branches of both of the aforesaid motions were held in abeyance pending the Court's determination after a traverse hearing ordered in the Plenary Action (see infra).
In the Plenary Action, the Defendant (who was the Plaintiff in the Plenary Action) filed an Emergency Order to Show Cause which was signed by the Court on July 21, 2023. The Plaintiff (who was the Defendant in the Plenary Action) interposed a Notice of Cross-Motion dated September 18, 2023. By Decision and Order of this Court dated January 8, 2024 (hereinafter referred to as "The Plenary Action January 2024 Order"), this Court, inter alia and in sum and substance, determined that so much of the Defendant's application seeking a stay of enforcement of the June 2023 Order in the Matrimonial Action to be moot,[FN4]
referred to a traverse hearing so much of the Plaintiff's application seeking dismissal of the Plenary Action for improper service and lack of personal jurisdiction, and held in abeyance all other request(s) for relief in connection with those application pending the Court's determination after the aforementioned traverse hearing.
After conference with counsel for the parties, the matter was scheduled for a traverse [*4]hearing to commence on March 22, 2024. By Stipulation signed by counsel for the parties on March 13, 2024, counsel for the parties agreed as follows:
1. Defendant's [Plaintiff herein] Verified Answer, dated July 5, 2024, (NYSCEF Doc. No 5) shall be accepted by Plaintiff [Defendant herein] as timely filed. Branch "b" of Plaintiff's [Defendant herein] Motion Sequence No.1 as to an alleged default is withdrawn.
2. Defendant [Plaintiff herein] hereby waives the defense of personal jurisdiction. Branch "b" of Defendant's [Plaintiff herein] Cross-Motion Sequence #2 as to alleged lack of personal jurisdiction is withdrawn. Branch "a" of Defendant's [Plaintiff herein] Cross-Motion Sequence #2 is deemed resolved as Defendant's [Plaintiff herein] Answer has been accepted.
In light of the March 13, 2024 Stipulation, no traverse hearing was necessary. Counsel for the parties appeared for conference before the Court on March 18, 2024. The Court gave each party an opportunity to submit supplemental papers, if they so chose, since the remaining branches of all of the aforesaid pending motions were held in abeyance. Neither party requested to submit supplemental papers. The aforesaid motions were effectively re-marked as submitted on March 18, 2024.
On March 25, 2024, this Court issued a Decision and Order (hereinafter referred to as the "March 2024 Order) which, inter alia and in sum and substance, consolidated the Plenary Action with the instant Matrimonial Action, granted the Plaintiff summary judgment dismissing the First, Second, Third and Fourth causes of action set forth in the Defendant's Verified Complaint in the Plenary Action,[FN5]
granted the Plaintiff a money judgment in the sum of $75,000.00 with statutory interest set forth in the March 2024 Order, denied without prejudice and with leave to renew, the Plaintiff's application for a warrant of eviction, and denied without prejudice and with leave to renew the Plaintiff's application for reimbursement of counsel fees.

THE PARTIES' CONTENTIONS
 
 Plaintiff's Contentions:

The Plaintiff sets forth that pursuant to the Stipulation, the Defendant was supposed to buy him out of the Great Neck Residence for $75,000 plus interest or the Great Neck Residence would be sold not later than March 1, 2017. He argues that the Defendant had five years from the date of the Stipulation to pay him for his interest in the Great Neck Residence or sell it, and she did neither. He argues that the Defendant always offered him one excuse after another in an effort to delay the sale of the Great Neck Residence. He argues that in October of 2022, he was appointed as Receiver to effectuate the sale of the Great Neck Residence and the Defendant was restrained from interfering with his duties as Receiver. He sets forth that the Court, in the June 2023 Order, found the Defendant to be in contempt of court because of her continued interference with his duties as Receiver, and that the Court remanded the Defendant for twenty-eight (28) days. He argues that after the Defendant was released from custody on October 30, 2023, she still refuses to comply with, in effect, either paying him the $75,000.00 due to him and the Order appointing him as Receiver.
[*5]Defendant's Opposition:
The Defendant argues that she was never served with a termination notice, notice to quit, or any notice of that nature, which demands that she vacate the Great Neck Residence. She argues, in this respect, that the Defendant's application is defective.
Plaintiff's Reply:
The Plaintiff reiterates that after the Defendant's release from her incarceration, she continues to refuse to cooperate with effectuating the sale of the Great Neck Residence.

DISCUSSION + ANALYSIS
WARRANT OF EVICTION
On June 19, 2012, the parties executed the Stipulation which provides, in part:
On or before March 1, 2017, the marital residence shall be listed for sale on a multiple listing. Defendant shall have the right to sell the apartment or buy out Plaintiff's interest at any time prior to that date. Upon the same or buyout, Defendant shall pay the sum of $75,000 (seventy five thousand dollars) to Plaintiff, plus interest at the rate of 5% (five percent) per annum as of the date of this agreement. Plaintiff shall have the right to make payments (in amounts no less than $5000 [five thousand] per payment). Notice of prepayment shall be made in advance to Plaintiff's attorney, and there shall be no penalty.
The Great Neck Residence is not currently listed for sale. That's undisputed. The Defendant has not paid any portion of the $75,000.00 to the Plaintiff (plus interest) to date. That's undisputed. In the October 2022 Order, this Court issued the following Order(s):
ORDERED, that Branch "1" of the Plaintiff's Order to Show Cause dated May 19, 2022 be and is hereby GRANTED TO THE EXTENT that the Plaintiff, Y.R. is hereby appointed as uncompensated Receiver to effectuate the sale of the former marital residence in accordance with the terms of the parties' Stipulation(s) and Judgment of Divorce, and is hereby authorized and permitted to execute the necessary documents, including any deed to the property to transfer right, title and interest therein and to distribute the proceeds of sale pursuant to the terms of the Stipulation(s) and Judgment of Divorce; and it is hereby
ORDERED, that the Defendant is hereby restrained form interfering in any manner with the discharge of the Receiver's duties under this Order.
This Court appointed the Plaintiff as Receiver of the Great Neck Residence in light of the aforesaid. After the October 2022 Order was issued, the Defendant refused to permit the Plaintiff access to the Great Neck Residence and interfered with his duties as Receiver of the Great Neck Residence in order to attempt to effectuate the sale. That's undisputed. In the June 2023 Order, this Court issued the following Order(s):
ORDERED, that Branches (1) and (3) of the Plaintiff's Amended Order to Show Cause dated March 17, 2023 be and is hereby GRANTED TO THE EXTENT that the Defendant, ANNETTE OBERT RAFAEL, is hereby adjudicated and deemed to be in contempt of court of the October 2022 Order; and it is further
ORDERED, that Defendant is directed to appear before this Court in person for sentencing on August 22, 2023 at 9:30 a.m., however, the contemnor may purge her contempt if she cooperates with the Plaintiff in his capacity(ies) as Receiver in effectuating the sale of the subject residence and if she cooperates with the listing broker [*6]with respect to any action necessary to effectuate the sale of the subject residence; and it is further
ORDERED, that the Defendant is on notice that in the event she fails to purge herself of contempt as provided, she is subject to additional penalties, including a period of incarceration...
After the June 2023 Order was issued, the Defendant refused to purge her contempt as she failed to cooperate with the listing broker. That's undisputed. This Court, on October 3, 2023, sentenced the Defendant to a period of incarceration of twenty-eight (28) days, but gave her a purge condition of tendering a set of keys to the Plaintiff to enable him and his listing broker to photograph the Great Neck Residence. The Defendant failed to purge her contempt and served the entire sentence imposed upon her by the Court. That's undisputed. Since the Defendant's release from incarceration on October 31, 2023, exactly one year later, she continues to refuse to cooperate with the Plaintiff in effectuating his duties as Receiver, she has failed to list the Great Neck Residence for sale and she has failed to pay the aforesaid $75,000.00 (or any portion thereof) to the Plaintiff. That is all undisputed. The Court can only characterize and classify the Defendant's conduct as abject and downright disobedience of multiple Orders of the Court. A party is not free to disregard court orders and decide for himself or herself the manner in which to proceed. Skripek v. Skripek, 239 AD2d 488 (2d Dept. 1997).
The Defendant has disregarded multiple Order(s) of the Court with a degree of impunity that can only be characterized as obvious indifference. If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity. Kihl v. Pfeffer, 94 NY2d 118 (1999). The Defendant's procedural arguments that she was never served with a termination notice, notice to quit or any other notice that she vacate are all rejected as not only ostensible stalling tactics attempting (albeit failingly) to circumvent court orders, but are also rejected on the law and on the facts inasmuch as she is not a tenant of the Great Neck Residence. The Defendant's conduct has left this Court with no other alternative than the direct her to vacate the Great Neck Residence by a date certain (see infra) or face removal by the Sheriff pursuant to a warrant of eviction. The Defendant has given this Court no other choice. Critically, the Defendant has not even offered so much as a payment plan or any other good faith payment to the Plaintiff to demonstrate that she has any intention to or interest in complying with the underlying Stipulation. The Defendant's failure to pay anything in seven (7) years, her refusal to list the Great Neck Residence for sale, and her refusal to cooperate with the Plaintiff as Receiver and the Plaintiff's broker leads the Court to the inescapable conclusion that her ejectment from the Great Neck Residence is the only remedy which will compel her compliance. Her conduct has effectively rendered the Stipulation and the multiple Order(s) meaningless. That result is indefensible. Accordingly, it is hereby:
ORDERED, that Branch (a) of the Plaintiff's Notice of Motion dated July 11, 2024 be and the same is hereby GRANTED TO THE EXTENT set forth in this Decision and Order; and it is further
ORDERED, that the Defendant shall vacate the premises located at xxxx, Apartment xx, Great Neck, New York on or before 5:00 p.m. on November 29, 2024; and it is further
ORDERED, that the Defendant shall tender a set of keys to the premises located at xxxx, Apartment xx, Great Neck, New York on or before 5:00 p.m. on November 29, 2024 to the [*7]Plaintiff's counsel; and it is further
ORDERED, that the Defendant is hereby prohibited, restrained and enjoined from changing the locks on the premises located at xxxx, Apartment xx, Great Neck, New York; and it is further
ORDERED, that in the event that the Defendant does not vacated on or before November 29, 2024 by 5:00 p.m., a warrant of eviction shall be issued on or after December 2, 2024, directing the removal of the Defendant by the Sheriff from the premises located at xxxx, Apartment xx, Great Neck, New York; and it is further
ORDERED, that Plaintiff is granted leave of Court to submit a proposed warrant of eviction for signature in the event that the Defendant does not vacate the premises located at xxxx, Apartment xx, Great Neck, New York on or before November 29, 2024 by 5:00 p.m., which proposed warrant of eviction may be submitted by the Plaintiff without the need for further motion practice.
COUNSEL FEES
The Plaintiff seeks leave of court for permission to file a separate application for counsel fees relating to all of these post-judgment proceedings. Insofar as the Plaintiff seeks, effectively, an advisory opinion on whether or not such application would be proper, the courts of New York do not issue advisory opinions for the fundamental reason that in this State the giving of such opinions is not the exercise of the judicial function. U.S. Bank Natl. Assn. v. McCaffery, 186 AD3d 897 (2d Dept. 2020). Insofar as the Plaintiff seeks reimbursement of counsel fees here, the Court notes the absence of his retainer agreement and/or statements for services rendered, which constrains the Court to deny the application without prejudice.
See generally F.J.O. v. M.I.O., 76 Misc 3d 1207(A) (Supreme Court Nassau County 2022) (denial of application for counsel fees without prejudice to renew upon the submission of proper papers in light of the absence of any statements for services rendered). Accordingly, it is hereby:
ORDERED, that Branch (b) of the Plaintiff's Notice of Motion dated July 11, 2024 be and the same is hereby DENIED WITHOUT PREJUDICE and with leave to the re-filing of same upon the submission of proper papers.
All other relief requested not specifically addressed herewith is hereby DENIED.
This constitutes the DECISION AND ORDER of this Court.
Dated: October 31, 2024
Mineola, New York
Hon. Edmund M. Dane, J.S.C.

Footnotes

Footnote 1:Which Stipulation of Settlement was "so ordered".

Footnote 2:Plus interest pursuant to the parties' Stipulation of Settlement.

Footnote 3:Proof of personal delivery of this application on the Defendant was filed with the Court on August 27, 2024 (see NYSCEF Document No.: 138) reflecting personal delivery of same on July 16, 2024.

Footnote 4:Inasmuch as the Defendant had already served the entirety of the twenty-eight (28) day sentence imposed by the Court.

Footnote 5:The Complaint in the Plenary Action alleged only four (4) separate causes of action. As a result, the entire Plenary Action was dismissed in light of the findings in the March 2024 Order.