■ THOMAS J. MCGLYNN et al., Respondents, v BROOKLYN HOSPITAL-CALEDONIAN HOSPITAL et al., Respondents, and PECO, INC., Defendant and Third-Party Plaintiff-Appellant. PRP MECHANICAL, INC., Third-Party Defendant-Respondent. [619 NYS2d 54] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated December 23, 1992, as (1) denied its motion for summary judgment dismissing the plaintiff's complaint insofar as asserted against it, and for common-law indemnification against the third-party defendant PRP Mechanical, Inc., and (2) granted those branches of the separate cross motions of the defendants Brooklyn Hospital-Caledonian Hospital and Barr & Barr, Inc. which were for summary judgment against it on the issue of contractual indemnity.

Ordered that the order is modified, by deleting the portion thereof which granted that branch of the cross-motion of the defendant Brooklyn Hospital-Caledonian Hospital which was for summary judgment against the defendant third-party plaintiff on the issue of contractual indemnity; and as so modified the order is affirmed, insofar as appealed from, without costs or disbursements.

There is no merit to the contention of the defendant third party plaintiff Peco, Inc. (hereinafter Peco) that it was not an "agent" under the Labor Law. Since work which gave rise to the plaintiff's injuries was specifically delegated to Peco, it was an agent of the construction manager/general contractor *(see, Russin v Picciano & Son,* 54 NY2d 311; *D'Amico v New York Racing Auth.,* 203 AD2d 509). Once an entity becomes an agent under the Labor Law it cannot escape liability to an injured plaintiff by delegating the work to another entity *(see, Sperber v Penn Cent. Corp.,* 150 AD2d 356).

There is also no merit to Peco's contention that defendant Barr & Barr, Inc. (hereinafter Barr) could not enforce its right to contractual indemnity from Peco as there was no showing that Barr was actively negligent *(see, Richardson v Matarese,* 206 AD2d 354; *Curtis v 37th St. Assocs.,* 198 AD2d 62; *Damon v Starkweather,* 185 AD2d 633).

However there is merit to Peco's contention that the defendant Brooklyn Hospital-Caledonian Hospital (hereinafter the Hospital) was not entitled to summary judgment against Peco on the issue of contractual indemnification. The Hospital supplied the equipment which caused the plaintiff's injuries, and therefore there are questions of fact as to whether the

Hospital was negligent, which might preclude it from receiving full contractual indemnification *(see,* General Obligations Law § 5-322.1; *Martin v Back O'Beyond,* 198 AD2d 479).

Because it is not clear that the actions of the plaintiff's employer, PRP Mechanical, Inc., were a contributing cause of the accident, Peco is not entitled to summary judgment on the issue of common-law indemnification *(see, Kirkby v Chautauqua Inst.,* 178 AD2d 929). Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.