■ INNES SAMUEL et al., Respondents, v GENERAL CINEMA THEATERS, INC., et al., Appellants, and STEGLA CONSTRUCTION, INC., Appellant and Third-Party Plaintiff-Appellant. QUALITY GENERAL CONTRACTING CORP., Third-Party Defendant-Respondent. [678 NYS2d 615] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered November 8, 1996, which granted plaintiff laborer's motion for summary judgment on liability pursuant to Labor Law § 240 (1), and order, same court

and Justice, entered August 27, 1997, which denied third-party plaintiff general contractor's renewed motion for summary judgment on its causes of action for contractual and common-law indemnification against third-party defendant subcontractor, plaintiff's employer, unanimously affirmed, without costs.

Plaintiff's sworn statements that he was injured when the scaffold on which he was working toppled over established a prima facie case under Labor Law § 240 (1). It is not enough for defendants to avoid summary judgment to speculate that there may be witnesses who might shed light or contradict plaintiff's version of the occurrence in view of plaintiff's deposition testimony that the rolling scaffold toppled over as another worker was pushing it, that he heard the worker say that the wheel came off, and that he did not know the name of this co-worker or any of the other workers present at the time (*compare, Klein v City of New York*, 89 NY2d 833, *affg* 222 AD2d 351, and *Acosta v 888 7th Ave. Assocs.*, 248 AD2d 284, *with Eitner v 119 W. 71st St. Owners Corp.*, 253 AD2d 641, and *Saaverda v East Fordham Rd. Real Estate Corp.*, 233 AD2d 125). Concerning the third-party action, the deposition testimony of third party plaintiff's principal and third-party plaintiff's contract with the owners raise issues of fact as to the nature, if any, of third-party plaintiff's supervision and control of the work site, including whether it had a representative on site with authority to instruct third-party defendant's workers in the use of the scaffold and to implement changes if he saw any safety violations (*cf., Buccini v 1568 Broadway Assocs.*, 250 AD2d 466). Given this issue of fact, which was the reason urged by third-party defendant for denying summary judgment against it on the issue of indemnification, we need not reach the timeliness ground of CPLR 3212 (a) relied upon by the motion court. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.