SECOND DEPARTMENT, JULY, 1999

(July 6, 1999)

■ THOMAS ANASTASIO et al., Plaintiffs, v KISKA CONSTRUCTION CORPORATION—USA, Defendant and Third-Party Plaintiff-Appellant. TAKBEER ENTERPRISES, INC., Third-Party Defendant-Respondent. [692 NYS2d 696] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, Kiska Construction Corporation—USA, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 10, 1998, as denied that branch of its motion which was for summary judgment against the third-party defendant, Takbeer Enterprises, Inc., on its cause of action for common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured while attempting to manually lift concrete forms at a bridge construction project in West Islip. The plaintiff was an employee of the third-party defendant, Takbeer Enterprises, Inc. (hereinafter Takbeer), a subcontractor which had been engaged to do certain concrete work on the bridge by the defendant third-party plaintiff, Kiska Construction Corporation—USA (hereinafter Kiska), the general contractor. Kiska contends that it is entitled to summary judgment against Takbeer on a theory of common-law indemnifica-

tion because the plaintiff's work was being directed by Takbeer employees at the time of the accident. We disagree.

There are questions of fact as to the nature and degree of Kiska's supervision and control of the work site where the plaintiff's injury occurred. Kiska employed a safety director who, by his own admission, was present at the work site every day and who conducted safety meetings for all employees, including those of Takbeer (*see, Samuel v General Cinema Theaters*, 254 AD2d 85; *cf., Putnam v Karaco Indus. Corp.*, 253 AD2d 457). Moreover, prior to the happening of the accident, Kiska rejected requests to obtain mechanical equipment which would have facilitated the lifting of the concrete forms, and which may have prevented the particular accident herein.

In view of these circumstances, Kiska is not entitled to common-law indemnification at this juncture of the lawsuit (*see, Delmar v TerraStruct Corp.*, 249 AD2d 259; *Murphy v Islat Assocs. Graft Hat Mfg. Co.*, 237 AD2d 166). Santucci, J. P., Luciano, Schmidt and Smith, JJ., concur.