■ DANIEL STEVENSON, Appellant-Respondent, v THOMAS ALFREDO et al., Respondents, ALFREDO LANDSCAPE AND DEVELOPMENT CORPORATION et al., Respondents-Appellants, et al., Defendants. [715 NYS2d 444] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered August 18, 1999, as denied his motion for partial summary judgment on the issue of liability on his causes of action under Labor Law § 240 (1) and § 241-a against the defendants Thomas Alfredo, Alfredo Landscape and Development Corporation, American Application Associates of Mt. Kisco, and Scott Terpening, (2) the defendant Alfredo Landscape and Development Corporation cross-appeals, as limited by its brief, from so much of the same

order as denied its cross motion, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for conditional summary judgment on the issue of common-law indemnification, and (3) the defendant Scott Terpening cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the plaintiff's motion which were for partial summary judgment on the issue of liability against the defendants Alfredo Landscape and Development Corporation and American Application Associates of Mt. Kisco on his causes of action under Labor Law § 240 (1) and § 241-a and substituting therefor a provision granting those branches of the motion, (2) deleting the provision thereof denying that branch of the cross motion of the defendant Scott Terpening which was for summary judgment dismissing the plaintiff's causes of action under Labor Law § 240 (1) and § 241-a insofar as asserted against him and substituting therefor a provision granting that branch of that cross motion, and (3), upon searching the record, deleting the provision thereof denying that branch of the cross motion of the defendant Thomas Alfredo which was for summary judgment dismissing the plaintiff's causes of action under Labor Law § 240 (1) and § 241-a insofar as asserted against him and substituting therefor a provision granting that branch of that cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The owner of a one- or two-family dwelling who has not "direct[ed] or control[led] the work" involved "in the erection" of his home cannot be held strictly liable under Labor Law § 240 (1) or § 241-a (see, Khela v Neiger, 85 NY2d 333). Here, the defendant Thomas Alfredo established that he did not act as his own general contractor or otherwise direct and control the construction work in his personal capacity. Since the plaintiff failed to raise a triable issue of fact in response, Thomas Alfredo was entitled to the homeowner exemption and to summary judgment dismissing the plaintiff's causes of action based on Labor Law § 240 (1) and § 241-a (see, Young v Krawczyk, 223 AD2d 966; Sarvis v Maida, 173 AD2d 1019). Although Thomas Alfredo has not appealed, this Court has the power to grant summary judgment to a nonappealing party, and, upon searching the record, we grant summary judgment

in favor of Thomas Alfredo dismissing the plaintiff's causes of action under Labor Law § 240 (1) and § 241-a insofar as asserted against him (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106).

Where a general contractor fails to adhere to the requirements of Labor Law § 240 (1) or § 241-a, and a construction worker's injuries are proximately caused by its dereliction of duty, it will be held strictly liable (*see, Santos v Sure Iron Works,* 166 AD2d 571). The plaintiff established a prima facie case on that branch of his motion which was for summary judgment on the issue of liability against the defendant Alfredo Landscape and Development Corporation (hereinafter Alfredo Landscape) on those causes of action. The plaintiff submitted evidence showing that Alfredo Landscape, whose employee was present at the site and acted as a "superintendent," was "responsible for coordinating and supervising the entire construction project" (*Kenny v Fuller Co.,* 87 AD2d 183). Since Alfredo Landscape failed to raise a triable issue of fact in response, the Supreme Court should have granted that branch of the plaintiff's motion which was for partial summary judgment on his causes of action under Labor Law § 240 (1) and § 241-a. Additionally, since an issue of fact exists as to whether Alfredo Landscape was negligent, that branch of its cross motion which was for conditional summary judgment on the issue of common-law indemnification was properly denied (*see, Kelly v Diesel Constr. Div.,* 35 NY2d 1; *cf., Anastasio v Kiska Constr. Corp.-USA,* 263 AD2d 442).

A subcontractor will be held strictly liable under Labor Law § 240 (1) and § 241-a where it has become a "statutory agent of * * * the general contractor" (*Sabato v New York Life Ins. Co.,* 259 AD2d 535, 537) by virtue of having been delegated "the authority to supervise and control" the plaintiff's work or work area (*Russin v Picciano & Son,* 54 NY2d 311, 318). The plaintiff established that the defendant American Application Associates of Mt. Kisco (hereinafter American) had such authority. Since American failed to raise a triable issue of fact, the Supreme Court should have granted that branch of the plaintiff's motion which was for partial summary judgment on his causes of action under Labor Law § 240 (1) and § 241-a insofar as asserted against American (*see, McGlynn v Brooklyn Hosp.-Caledonia Hosp.,* 209 AD2d 486). American's contention that it is entitled to conditional summary judgment on the issue of common-law indemnification is not properly before this Court since American did not appeal from that portion of the order denying that branch of its cross motion which was for

summary judgment on that issue (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard, supra*).

There is no evidence in the record tending to show that the defendant Scott Terpening possessed any authority to supervise and control the plaintiff's work or work area (*see, Russin v Picciano & Son, supra*). Thus, the Supreme Court should have granted that branch of Terpening's cross motion which was for summary judgment dismissing the plaintiff's causes of action predicated on Labor Law § 240 (1) and § 241-a. However, a subcontractor may be held liable for negligence where, as here, "[t]here is an issue of fact whether the work [he or she] performed * * * created the condition that caused [the] plaintiff's injury" (*Goettelman v Indeck Energy Servs.*, 262 AD2d 958, 959). On the branch of his cross motion which was for summary judgment dismissing the plaintiff's causes of action predicated on common-law negligence and Labor Law § 200, Terpening failed to "make a prima facie showing of entitlement to judgment as a matter of law" by "tendering sufficient evidence to eliminate any material issues of fact" as to these causes of action (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Thus, the Supreme Court properly denied that branch of his cross motion.

The remaining contentions of the parties are without merit. Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.