■ JOHN WALKER et al., Appellants, v EKLECCo, Sued Herein as Ekleco, Co., et al., Respondents. (And a Third-Party Action.) [757 NYS2d 764] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated November 30, 2001, which, upon the granting of the defendants' motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The defendants established their prima facie entitlement to summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action by submitting evidence that they had neither actual nor constructive notice of the allegedly defective condition which caused the injured plaintiff's accident, nor did they control or supervise the injured plaintiff's work (*see Mancini v Pedra Constr.,* 293 AD2d 453 [2002]; *Rosemin v Oved,* 254 AD2d 343 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Labor Law § 241 (6) "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 878 [1993]). Further, a plaintiff must set forth the specific provisions of the state industrial code which were allegedly violated to premise liability upon Labor Law § 241 (6) (*see Rizzuto v Wenger Contr.*

*Co.,* 91 NY2d 343 [1998]). Here, the defendants established their prima facie entitlement to summary judgment dismissing the Labor Law § 241 (6) cause of action by demonstrating that the specific sections of the state industrial code that the plaintiffs relied upon are inapplicable to the facts of this case (*see Alvia v Teman Elec. Contr.,* 287 AD2d 421, 422-423 [2001]; *Rose v A. Servidone, Inc.,* 268 AD2d 516, 517-518 [2000]), and in opposition, the plaintiffs failed to raise a triable issue of fact.

Thus, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.