■ ANTONIO NOBRE et al., Appellants-Respondents, v NYNEX CORPORATION et al., Respondents-Appellants, and C.W. BROWN, INC., Respondent. (And a Third-Party Action.) [769 NYS2d 556]—

In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 28, 2002, as, upon reargument, adhered to a prior determination in an order dated April 22, 2002, granting those branches of the motion of the defendants Nynex Corporation and Nynex Mobile Communications Company, and the separate motion of the defendant C.W. Brown, Inc., which were for summary judgment dismissing the causes of action based on Labor Law § 240 (1) and § 200 and common-law negligence insofar as asserted against them, and (2) the defendants Nynex Corporation, Nynex Mobile Communications Company, and Frank Mormando cross-appeal from so much of the same order as denied that branch of the motion of the defendant Frank Mormando which was for summary judgment dismissing the cause of action based on

Labor Law § 241 (6) insofar as asserted against him and, upon reargument, denied that branch of the motion of the defendants Nynex Corporation and Nynex Mobile Communications Company which was for summary judgment dismissing that cause of action insofar as asserted against them and reinstated that cause of action.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which, upon reargument, denied that branch of the motion of the defendants Nynex Corporation and Nynex Mobile Communications Company which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof denying that branch of the motion of Frank Mormando which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) insofar as asserted against him and substituting therefor a provision granting that branch of the motion, and (3), upon searching the record, deleting the provision thereof denying that branch of the motion of the defendant C.W. Brown, Inc., which was for summary judgment dismissing the cause of action under Labor Law § 241 (6) insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, and the complaint is dismissed, with one bill of costs to the defendants Nynex Corporation, Nynex Mobile Communications Company, Frank Mormando, and C.W. Brown, Inc., appearing separately and filing separate briefs.

The Supreme Court properly granted that branch of the motion of the defendants Nynex Corporation and Nynex Mobile Communications Company, and the separate motion of the defendant C.W. Brown, Inc., which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1) insofar as asserted against them. Labor Law § 240 (1), which imposes absolute liability, is addressed to tasks which "entail a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). The plaintiffs failed to demonstrate that the injuries alleged arose from a special elevation-related risk for which the protective devices in the statute were prescribed (*see Fegundes v New York Tel. Co.*, 285 AD2d 526 [2001]). "While many workplace accidents, including this one, could be classified as gravity-related occurrences stemming from improperly hoisted or inadequately

secured objects, courts may nonetheless distinguish those occurrences that do not fit within the Legislature's intended application of Labor Law § 240 (1)" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 270 [2001]).

The defendants Nynex Corporation, Nynex Mobile Communications Company and C.W. Brown, Inc., established their prima facie entitlement to summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action by submitting evidence that they did not control or supervise the injured plaintiff's work, and that they had no actual or constructive notice of any alleged dangerous condition (*see Walker v Ekleco Co.,* 304 AD2d 752 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs failed to appeal from so much of the order as granted those branches of the motion of Frank Mormando which were for summary judgment dismissing the Labor Law § 200 and § 240 (1) and common-law negligence claims insofar as asserted against him. Thus, their argument that the Supreme Court erred in granting those branches of his motion is not properly before us (*see City of Mount Vernon v Mount Vernon Hous. Auth.,* 235 AD2d 516 [1997]).

The Supreme Court erred in denying those branches of the motion of Nynex Corporation and Nynex Mobile Communications Company, and the separate motion of Frank Mormando, which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6), as the specific sections of the State Industrial Code that the plaintiffs relied upon are inapplicable to the facts of this case (*see Walker v Ekleco Co., supra*).

Although C.W. Brown, Inc., has not appealed, this Court has the authority to search the record and grant summary judgment to a nonappealing party with respect to an issue that was the subject of the motions before the Supreme Court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]). Upon searching the record, we grant summary judgment to C.W. Brown, Inc., dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against it (*see Stevenson v Alfredo,* 277 AD2d 218 [2000]). Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.