■ MICHAEL WEINGARTEN, Appellant-Respondent, v WINDSOR OWNERS CORP. et al., Respondents-Appellants, et al., Respondents. [774 NYS2d 537]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Dabiri, J.), dated March 6, 2002, as denied his cross motion for summary judgment dismissing the Workers' Compensation Law affirmative defense asserted by the defendants Windsor Owners Corp. and

Tudor Realty Services Corp., (2) an order of the same court dated May 16, 2002, as granted that branch of the cross motion of the defendant Windsor Owners Corp. which was for summary judgment dismissing his cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, and (3) an order of the same court dated June 5, 2002, as granted that branch of the cross motion of the defendant Tudor Realty Services Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, the defendant Windsor Owners Corp. cross-appeals, as limited by its brief, from so much of (1) the order dated March 6, 2002, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it based on its Workers' Compensation Law affirmative defense, and (2) the order dated May 16, 2002, as denied those branches of its cross motion which were for summary judgment dismissing the plaintiff's causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against it, and the defendant Tudor Realty Services Corp. separately cross-appeals, as limited by its brief, from so much of (1) the order dated March 6, 2002, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it based on its Workers' Compensation Law affirmative defense, (2) the order dated May 16, 2002, as denied those branches of its cross motion which were for conditional summary judgment on its cross claim for contractual indemnification against Windsor Owners Corp., and (3) the order dated June 5, 2002, as denied those branches of its cross motion which were for summary judgment dismissing the plaintiff's causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against it.

Ordered that the order dated May 16, 2002, is modified, on the law, by deleting the provision thereof denying those branches of the cross motion of the defendant Windsor Owners Corp. which were for summary judgment dismissing the plaintiff's causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against it and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as reviewed, and the complaint insofar as asserted against the defendant Windsor Owners Corp. is dismissed in its entirety; and it is further,

Ordered that the order dated June 5, 2002, is modified, on the law, by deleting the provision thereof denying those

branches of the cross motion of the defendant Tudor Realty Services Corp. which were for summary judgment dismissing the plaintiff's causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against it and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as reviewed, and the complaint insofar as asserted against the defendant Tudor Realty Services is dismissed in its entirety; and it is further,

Ordered that the appeal and the cross appeals from the order dated March 6, 2002, and so much of the order dated May 16, 2002, as denied that branch of the cross motion of the defendant Tudor Realty Services Corp. which was for conditional summary judgment on its cross claim for contractual indemnification against the defendant Windsor Owners Corp. are dismissed as academic in light of our determination herein; and it is further,

Ordered that one bill of costs is awarded to the defendants Windsor Owners Corp. and Tudor Realty Services Corp.

This action arises out of an accident which occurred when the plaintiff, a handyman, on his own accord, stood on a folding chair and attempted to hoist himself into an unoccupied freight elevator stuck between floors. The plaintiff testified at his deposition that he intended to engage the elevator's operating switch while one of the building's elevator operators went from floor to floor shaking the elevator's outer doors to make sure they were closed tight. He was injured when he lost his balance and fell into the elevator shaft.

The plaintiff commenced this action against, among others, the defendant Windsor Owners Corp. (hereinafter Windsor), the owner of the building, and the defendant Tudor Realty Services Corp. (hereinafter Tudor), its managing agent, alleging, inter alia, violations of Labor Law §§ 200, 240 and 241 (6), and common-law negligence. The Supreme Court, among other things, granted those branches of the separate cross motions of Windsor and Tudor which were for summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action insofar as asserted against them, and denied those branches of their respective cross motions which were for summary judgment dismissing the plaintiff's Labor Law §§ 200, 240 (1), and common-law negligence causes of action insofar as asserted against them.

To impose liability on Windsor and Tudor for violations of the Labor Law and common-law negligence, the violations or negligence must be a proximate cause of the accident (see

*Misirlakis v East Coast Entertainment Props.*, 297 AD2d 312 [2002], *lv denied* 100 NY2d 637 [2003]; *Mack v Altmans Stage Light. Co.*, 98 AD2d 468 [1984]). Here, the plaintiff's unforeseeable act of standing on a folding chair while trying to climb into an unoccupied freight elevator was the sole and superseding cause of his injuries (*see Egan v A.J. Constr. Corp.*, 94 NY2d 839 [1999]; *Misirlakis v East Coast Entertainment Props., supra; George v State of New York*, 251 AD2d 541 [1998]; *Mack v Altmans Stage Light. Co., supra*). Repairing elevators was not one of the plaintiff's duties, no one had requested that he climb into the elevator, and he had never previously attempted to do so. At the time of the accident, the plaintiff was aware that an elevator service contract existed between the building owner and another company, and no emergency situation existed.

Consequently, the Supreme Court should have granted summary judgment dismissing the plaintiff's Labor Law §§ 200, 240 (1), and common-law negligence causes of action insofar as asserted against Windsor and Tudor. However, the Supreme Court properly granted summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action. The lack of proximate cause required dismissal of that cause of action as well. While the Supreme Court incorrectly determined that there was a question of fact on the issue of proximate cause, it nevertheless properly concluded that the plaintiff could not recover under Labor Law § 241 (6) because his accident did not occur in connection with construction, demolition, or excavation work (*see Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]) and because he failed to allege a violation of any applicable provisions of the Industrial Code setting forth a specific regulatory standard (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]).

In light of the foregoing, it is unnecessary to address the parties' remaining contentions. Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.