■ ERWIN J. URIAS et al., Appellants, v ORANGE COUNTY AGRICULTURAL SOCIETY, INC., Respondent. [776 NYS2d 92]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated June 30, 2003, as denied their motion for partial summary judgment on the issue of liability on their cause of action under Labor Law § 240 (1).

Ordered that the order is modified, on the law, by, upon searching the record, deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action under Labor Law § 240 (1), and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, and the complaint is dismissed in its entirety, with costs to the defendant.

Circus Royale (hereinafter the circus) leased an arena owned by the defendant so that it could perform there for a day. In preparation for the show, the injured plaintiff (hereinafter the plaintiff), who was affiliated with the circus, began to erect a sphere, approximately 16 feet in diameter, for his motorcycle act. He needed a ladder to complete the sphere, but it was being used by someone else at the time. The plaintiff decided to scale the beams on the wall of the arena instead of waiting for the ladder. When he grasped one of the beams, it broke, and he fell approximately 17 feet to the ground.

The plaintiff and his wife, derivatively, commenced this action against the defendant alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). They moved for partial summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action, and the defendant cross-moved for summary judgment dismissing the complaint, contending, among other things, that the plaintiff's act of climbing the wall of the arena was the sole proximate cause of the accident. The Supreme Court denied the plaintiffs' motion and that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1). The Supreme Court granted the remainder of the defendant's cross motion.

The Supreme Court properly denied the plaintiffs' motion. Although the defendant has not cross-appealed, this Court has the authority to search the record and grant summary judgment to

a nonappealing party with respect to an issue that was the subject of the motions before the Supreme Court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]; *Nobre v Nynex Corp.*, 2 AD3d 602 [2003]; *Stevenson v Alfredo*, 277 AD2d 218 [2000]). Upon searching the record, we grant that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1) since the record demonstrates that the plaintiff's unforeseeable act of climbing the wall of the arena was the sole proximate cause of the accident (*see Misirlakis v East Coast Entertainment Props.*, 297 AD2d 312 [2002], *lv denied* 100 NY2d 637 [2003]; *Mack v Altmans Stage Light. Co.*, 98 AD2d 468 [1984]). Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.