■ FELIBERTO CAPELLAN, Respondent, v KING WIRE COMPANY et al., Appellants, COW BAY CONTRACTING, INC., Respondent, et al., Defendant. [798 NYS2d 76]—

In an action to recover damages for personal injuries, the defendants King Wire Company and Hed-Co, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated August 18, 2003, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them, and the defendant Nahas Rug Co., Inc., separately appeals from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, those branches of the motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against the defendants King Wire Company and Hed-Co, LLC, are granted, that branch of the cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant Nahas Rug Co., Inc., is granted, the complaint is dismissed insofar as asserted against the defendants King Wire Company, Hed-Co, LLC, and Nahas Rug Co., Inc., upon searching the record, the

complaint is dismissed insofar as asserted against the defendant Cow Bay Contracting, Inc., and the action against the remaining defendant is severed.

The defendants King Wire Company and Hed-Co, LLC (hereinafter collectively King Wire), leased a portion of a one-story building they owned to the defendant Verizon Communications, Inc., formerly known as Bell Atlantic Corporation (hereinafter Verizon), for use as a maintenance garage and office space. Pursuant to the lease, King Wire agreed to have certain renovations performed. It subsequently retained the defendant Cow Bay Contracting, Inc. (hereinafter Cow Bay), to act as general contractor. Cow Bay hired the defendant Nahas Rug Co., Inc. (hereinafter Nahas), as the flooring subcontractor. Nahas supplied the flooring material and engaged the plaintiff's employer, Roberto Diaz, to install carpeting and tile throughout the leased premises.

Prior to the commencement of work on the floor, a nonparty subcontractor, Logan Contracting, installed an exterior door for which Cow Bay was awaiting delivery of a custom fabricated ramp which would lead from the door to the ground. In the interim, the door was closed and secured with screws.

Approximately three or four days after he began working at the site, the plaintiff was preparing the area adjacent to the inside of the door for the installation of tile. Using a hammer, he removed small pieces of concrete from the unfinished floor which he then intended to sweep and patch with cement to ensure that the entrance was level. In an attempt to access the area directly beneath the newly installed door, he tried, unsuccessfully, to push it open. He then threw his body against the door forcing it open. His momentum carried him forward through the opening and caused him to fall approximately six feet to the ground.

The plaintiff thereafter commenced this action against the defendants alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). King Wire subsequently moved and Cow Bay and Nahas separately cross-moved for summary judgment dismissing the complaint insofar as asserted against them alleging, inter alia, that the plaintiff's actions were the sole proximate cause of the accident. The Supreme Court, among other things, granted those branches of the motion and separate cross motions which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them, and denied those branches of King Wire's motion and Cow Bay's cross motion which were for summary judgment dismissing the plaintiff's Labor Law §§ 200,

240 (1), and common-law negligence causes of action insofar as asserted against them.

To impose liability for violations of the Labor Law and common-law negligence, the violations or negligence must be a proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 290 [2003]; *Gambino v Massachusetts Mut. Life Ins. Co.,* 8 AD3d 337 [2004]; *Weingarten v Windsor Owners Corp.,* 5 AD3d 674, 676 [2004]; *Misirlakis v East Coast Entertainment Props.,* 297 AD2d 312 [2002]; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468 [1984]). Here, the plaintiff's unforeseeable act of forcing open the secured door was the sole proximate cause of his injuries (*see Urias v Orange County Agric. Socy.,* 7 AD3d 515, 516 [2004]; *Weingarten v Windsor Owners Corp., supra* at 677). Moreover, King Wire and Cow Bay established their entitlement to summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them by demonstrating that they neither exercised supervision and control over the plaintiff's work nor had actual or constructive notice of the allegedly dangerous condition (*see Gambino v Massachusetts Mut. Life Ins. Co., supra* at 339).

Accordingly, the Supreme Court should have granted those branches of King Wire's motion which were for summary judgment dismissing the Labor Law §§ 200, 240 (1), and common-law negligence causes of action insofar as asserted against it, and that branch of Nahas' cross motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action insofar as asserted against it. Although Cow Bay did not appeal, this Court has the authority to search the record and grant summary judgment to a non-appealing party with respect to an issue that was the subject of the motions before the Supreme Court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425 [1996]; *Nobre v Nynex Corp.,* 2 AD3d 602 [2003]; *Stevenson v Alfredo,* 277 AD2d 218 [2000]). Upon searching the record, we dismiss the Labor Law §§ 200, 240 (1), and common-law negligence causes of action insofar as asserted against Cow Bay. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.