■ LLOYD WEIN et al., Respondents, v AMATO PROPERTIES, LLC et al., Appellants. [816 NYS2d 370]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Richmond County (Gigante, J.), entered March 3, 2005, as denied their cross motion for summary judgment dismissing the plaintiffs' causes of action to recover damages based on Labor Law § 240 (1), § 241 (6), and § 200 and common-law negligence.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' cross motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The injured plaintiff, an oil burner repairman, was dispatched to replace a defective safety valve on a boiler at a residential building owned by the defendant Amato Properties, LLC. The superintendent of the building is alleged to have provided the injured plaintiff with a ladder to reach the safety valve, which was on the top of the boiler. While the injured plaintiff was on the ladder installing the new safety valve, the ladder collapsed and caused him to fall on his back and shoulder.

Only work that involves "the erection, demolition, repairing, altering or painting of a building or structure" enjoys the protection of Labor Law § 240 (1). Accordingly, work that is considered routine maintenance does not fall within the statute's protection (*see Smith v Shell Oil Co.*, 85 NY2d 1000, 1002 [1995]). Here, the defendants met their prima facie burden of demonstrating that the replacement of the defective safety valve constituted routine maintenance rather than a repair of the boiler (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Jani v City of New York*, 284 AD2d 304 [2001]; *cf. Goad v Southern Elec. Intl.*, 304 AD2d 887, 888 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact. Under such circumstances, that branch of the defendants' cross motion which was for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action should have been granted.

To recover under Labor Law § 241 (6), a plaintiff must establish the violation in connection with construction, demolition or excavation, of an Industrial Code provision which sets forth specific, applicable safety standards (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]; *Weingarten v Windsor Owners Corp.*, 5 AD3d 674, 677 [2004]). The Industrial Code provisions cited by the plaintiffs in their bill of particulars are inapplicable to the facts of this case. Moreover, the injured plaintiff was engaged in maintenance work not related to construction, excavation, or demolition (*see Goad v Southern Elec. Intl., supra*). Therefore, that branch of the cross motion which was to dismiss the Labor Law § 241 (6) cause of action should have been granted (*see Weingarten v Windsor Owners Corp., supra* at 677).

Labor Law § 200 is a codification of the common-law duty imposed on owners and contractors to maintain a reasonably safe construction site (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 505). The statute applies, inter alia, to owners and contractors who either created a dangerous condition or had actual or constructive notice of it (*see Bradley v Morgan Stanley & Co., Inc.*, 21 AD3d 866, 868 [2005]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 589, 590 [2002]).

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' Labor Law § 200 and common-law negligence causes of action because the defendants failed to establish prima facie their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Specifically, the defendants failed to produce evidence that they

lacked either actual or constructive notice of the dangerous condition presented by the ladder (*see Molyneaux v City of New York*, 28 AD3d 438 [2006]). Consequently, that branch of the defendants' motion was properly denied regardless of the sufficiency of the plaintiffs' opposition papers on these issues (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]; *Penta v Related Cos.*, 286 AD2d 674, 675 [2001]). Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.