■ BENZION MILLER et al., Respondents, v YESHIVA ZICHRON MAYIR GEDOLA et al., Defendants, and DYNAMIC AIR FLOW MECHANICAL CORP., Appellant. [845 NYS2d 109]—

In an action to recover damages for personal injuries, etc., the defendant Dynamic Air Flow Mechanical Corp. appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 26, 2006, as granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action and denied its motion for summary judgment dismissing the causes of action to recover damages based on Labor Law § 240 (1), § 241 (6), and § 200 and common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

A subcontractor will be held liable under Labor Law § 240 (1) where it has become an agent of the owner or general contractor (see *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Stevenson v Alfredo*, 277 AD2d 218, 220 [2000]). Here, the plaintiffs established their prima facie entitlement to

summary judgment on their Labor Law § 240 (1) cause of action by demonstrating, inter alia, that the appellant Dynamic Air Flow Mechanical Corp. (hereinafter Dynamic) had the authority to supervise and control the work which gave rise to the injured plaintiff's injuries, and thus was a statutory agent of the owner or general contractor (*see Stevenson v Alfredo,* 277 AD2d 218, 220 [2000]; *Sog v G.S.E. Dynamics,* 239 AD2d 489, 491 [1997]; *McGlynn v Brooklyn Hosp.-Caledonian Hosp.,* 209 AD2d 486 [1994]). In opposition, Dynamic failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment on their Labor Law § 240 (1) cause of action.

Dynamic's remaining contentions are without merit. Rivera, J.P., Krausman, Florio and Dillon, JJ., concur.