LARRY SMITH, Appellant, v ROBERT MARINI BUILDER, INC., et al., Respondents. [921 NYS2d 371]—

Rose, J. Appeal from an order of the Supreme Court (Devine, J.), entered January 22, 2010 in Albany County, which, upon reconsideration, denied plaintiff's cross motion for partial summary judgment.

Plaintiff worked at a construction site installing sewer pipe in an excavated trench. When he got down on his hands and knees to inspect the grade at the bottom of the trench, a portion of the side wall of the trench collapsed, burying him in clay. He commenced this action alleging violations of, among other things, Labor Law § 241 (6). After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment on his Labor Law § 241 (6) claim. Supreme Court granted plaintiff's cross motion, finding that plaintiff established violations of 12 NYCRR 23-4.1 (b) and 23-4.2 (a). Supreme Court thereafter granted defendants' motion to renew and, upon reconsideration, found no violation of 12 NYCRR 23-4.2 (a), adhered to its conclusion that defendants violated 12 NYCRR 23-4.1 (b), but held that issues of fact required denial of plaintiff's cross motion for partial summary judgment. Plaintiff appeals.

We find no abuse of Supreme Court's exercise of its discretion in granting the motion to renew (*see First Union National Bank v Williams*, 45 AD3d 1029, 1030-1031 [2007]; *De Cicco v Longendyke*, 37 AD3d 934, 935 [2007]). We also agree with the court's conclusion that plaintiff has stated a claim pursuant to Labor Law § 241 (6), but not based upon 12 NYCRR 23-4.1 (b). That section of the Industrial Code provides that "[n]o person shall be suffered or permitted to enter any trench or similar excavation where he [or she] may be exposed to side or bank failure or cave-in unless proper safeguards for his [or her] protection have been provided." This is no more than a reiteration of common-law principles regarding workplace safety and, absent any specific command, cannot serve as the basis for a Labor Law § 241 (6) claim (*see Gasques v State of New York*, 15 NY3d 869, 870 [2010]; *Weinberg v Alpine Improvements, LLC*, 48 AD3d 915, 917-918 [2008]; *Berg v Albany Ladder Co., Inc.*, 40 AD3d 1282, 1285 [2007], *affd* 10 NY3d 902 [2008]).

Rather, plaintiff came forward with sufficient evidence to establish a claim based on a violation of 12 NYCRR 23-4.2 (a). That section requires sheeting and shoring to be in contact with the sides or banks of a trench five feet or more in depth. While a trench box and steel sheets were used here in an effort to shore the approximately 18-feet-deep trench in which plaintiff was working, they were installed in such a way that the steel sheets were not in contact with the sides or banks of the trench below the position of the trench box. Instead, the steel sheets were driven into the clay 6 to 10 inches from the side of the trench, leaving a 6-to-10-inch-thick unshored wall of clay that collapsed on plaintiff. Defendants' contention that the rule requiring shoring to be placed in contact with the sides of the trench was satisfied by the use of the trench box and steel sheets ignores the obvious danger presented by this unshored wall of clay. Nevertheless, because a violation of the Industrial Code, even if established, is only some evidence of negligence and defendants came forward with evidence as to plaintiff's own comparative negligence (*see Paolangeli v Cornell Univ.*, 296 AD2d 691, 692-693 [2002]; *Daniels v Potsdam Cent. School Dist.*, 256 AD2d 897, 898 [1998]), Supreme Court correctly held that plaintiff is not entitled to partial summary judgment. We have considered plaintiff's remaining contentions and, to the extent they are preserved, we find them to be without merit.

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.