Jenkin v Cadore (2020 NY Slip Op 03649)





Jenkin v Cadore


2020 NY Slip Op 03649


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2017-05094
2017-05221
 (Index No. 8409/13)

[*1]James Jenkin, plaintiff, 
v
Veronica Cadore, et al., defendants third-party plaintiffs-appellants, et al., defendants; Peter J. Goodman, et al., third-party defendants-respondents.


Slarskey LLC, New York, NY (David Slarskey of counsel), for defendants third-party plaintiffs-appellants.
Landman Corsi Ballaine & Ford, P.C., New York, NY (Louis G. Corsi of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action, inter alia, for the specific performance of a contract for the sale of real property, the defendants third-party plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated April 14, 2017, and (2) a second order of the same court (Lawrence Knipel, J.), also dated April 14, 2017. The first order, insofar as appealed from, granted that branch of the third-party defendants' motion which was for summary judgment dismissing the cause of action in the third-party complaint to recover damages for legal malpractice, and denied that branch of the defendants third-party plaintiffs' cross motion which was for summary judgment on that cause of action. The second order referred the matter for a hearing to determine the amount, if any, owed by the defendants third-party plaintiffs on the counterclaim by the third-party defendants for indemnification.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the second order is deemed withdrawn pursuant to a letter dated September 8, 2017; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendants, payable by the defendants third-party plaintiffs.
On December 14, 2012, the plaintiff, James Jenkin (hereinafter the buyer), and the defendants third-party plaintiffs, Veronica Cadore and Michelle Cadore (hereinafter together the sellers), entered into a contract for the sale of real property in Brooklyn. The sellers were represented in the transaction by the third-party defendants, Peter J. Goodman and The Goodman Law Firm (hereinafter together the Goodman defendants). The contract required that the sellers provide marketable title.
On December 21, 2012, the buyer's title insurance company raised certain objections [*2]to the sellers' title to the subject property. On March 7, 2013, the buyer's attorney sent Goodman a letter scheduling the closing for April 8, 2013, with marketable title as required by the contract and with time being of the essence. On March 18, 2013, Goodman rejected the proposed closing, indicating that the sellers were unable to deliver clear and marketable title at that time. However, Goodman also advised the sellers that all substantive title issues had been resolved and that the objections to title could easily be removed by ministerial action. He cautioned the sellers that they risked a lawsuit for specific performance by the buyer if they attempted to unilaterally cancel the contract. On March 21, 2013, the sellers emailed Goodman, indicating their belief that the contract had expired and authorizing Goodman to return the down payment to the buyer. On April 3, 2013, the buyer's attorney sent Goodman a letter stating that the title insurance company had waived its objections to title, and rescheduled the closing for April 22, 2013, with time being of the essence. When the closing did not go forward, the buyer commenced this action against the sellers, seeking, inter alia, specific performance of the contract of sale.
Thereafter, the sellers commenced a third-party action against the Goodman defendants, seeking to hold them liable, inter alia, on a theory of legal malpractice for failing to terminate the contract of sale and refund the buyer's down payment in accordance with their instructions. Following joinder of issue in the third-party action, the Goodman defendants moved, inter alia, for summary judgment dismissing the third-party complaint. Insofar as relevant, the sellers cross-moved for summary judgment on the cause of action in the third-party complaint to recover damages for legal malpractice. In an order dated April 14, 2017, the Supreme Court granted the Goodman defendant's motion, denied the sellers' cross motion, and dismissed the third-party complaint. The sellers appeal.
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 845; see Bells v Foster, 83 AD3d 876, 877). " To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence'" (Bells v Foster, 83 AD3d at 877, quoting Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1018).
In order to be entitled to summary judgment dismissing a cause of action, a defendant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). " Once a defendant makes this prima facie showing, the burden shifts to the plaintiff to raise an issue of fact requiring a trial'" (Buczek v Dell & Little, LLP, 127 AD3d 1121, 1123, quoting Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956).
Here, the Goodman defendants established their prima facie entitlement to judgment as a matter of law dismissing the sellers' cause of action to recover damages for legal malpractice through the affirmation of an expert witness establishing both that Goodman did not fail to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and the sellers did not sustain actual and ascertainable damages as a result of any alleged breach of Goodman's duty (see Buczek v Dell & Little, LLP, 127 AD3d at 1123; Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d at 956).
In opposition, the sellers failed to raise a triable issue of fact, since they did not produce any expert evidence regarding whether Goodman's conduct constituted malpractice and caused the sellers to incur damages, and under the circumstances of this case, such expert evidence was required for an evaluation of the adequacy and propriety of Goodman's actions (see Healy v Finz & Finz, P.C., 82 AD3d 704, 706; Northrop v Thorsen, 46 AD3d 780, 782; Natale v Samel & Assoc., 308 AD2d 568, 569). In this regard, the record demonstrates that Goodman's conduct in the instant case did not rise to the level of malpractice as a matter of law (cf. Logalbo v Plishkin, Rubano & Baum, 163 AD2d 511, 514). The sellers' conclusory and speculative contention that Goodman breached the duty of loyalty to them due to his professional relationship with the real estate broker [*3]handling the transaction was likewise insufficient to raise a triable issue of fact (see generally Morgan v New York Tel., 220 AD2d 728, 729).
Finally, while the Supreme Court should have considered the merits of the sellers' cross motion for summary judgment rather than denying it as untimely (see Lennard v Khan, 69 AD3d 812, 814; Grande v Peteroy, 39 AD3d 590, 591-592), an affirmance is appropriate since the sellers failed to demonstrate, prima facie, that they were entitled to summary judgment on their cause of action to recover damages for legal malpractice. Therefore, we need not consider the sufficiency of the opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d at 852).
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court