Reyes v Astoria 31st St. Developers, LLC (2021 NY Slip Op 00320)





Reyes v Astoria 31st St. Developers, LLC


2021 NY Slip Op 00320


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-12514 
2018-01558
 (Index No. 7856/15)

[*1]Leonel Reyes, appellant, 
v
Astoria 31st Street Developers, LLC, et al., respondents.


Sackstein, Sackstein & Lee, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Diane K. Toner], of counsel), for appellant.
Gartner + Bloom, P.C., New York, NY (Roy M. Anderson of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered November 2, 2017, and (2) an order of the same court entered December 26, 2017. The order entered November 2, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law §§ 200, 240(1) and 241(6). The order entered December 26, 2017, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law §§ 200, 240(1) and 241(6).
ORDERED that the order entered November 2, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered December 26, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff allegedly was injured while working as an ironworker for a nonparty subcontractor at an excavation site. Construction of a new building was underway and the excavation for the foundation was complete. Prior to the happening of the accident, the plaintiff was performing his assigned task of wrapping up and tying pieces of rebar which were four to five feet long at the bottom of the excavation site. The plaintiff ceased performing his assigned task when, upon observing coworkers having difficulty attempting to pass a 30-foot-long piece of rebar manually across the excavation site at ground-level, he ran up the 9-foot hill to assist them. As the plaintiff grabbed the 30-foot-long piece of rebar, the rebar shook, allegedly causing the plaintiff to lose his footing and to roll down the hill to the bottom of the excavation site.
The plaintiff commenced this action against the defendant general contractor, Mega [*2]Contracting Group, LLC, and the defendant construction site owner/developer, Astoria 31st Street Developers, LLC, asserting, inter alia, a cause of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). The defendants moved, among other things, for summary judgment dismissing the cause of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). In an order entered November 2, 2017, the Supreme Court, among other things, denied, as untimely, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). In an order entered December 26, 2017, the court granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff appeals from both orders.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 claim by submitting, inter alia, transcripts of deposition testimony which established that they lacked authority to supervise or control the plaintiff's work, that the condition of the excavation site was an open and obvious one that was readily observable by the reasonable use of one's senses, and was not inherently dangerous (see Salgado v Rubin, 183 AD3d 617; Ulrich v Motor Parkway Props., LLC, 84 AD3d 1221; Rojas v Schwartz, 74 AD3d 1046). In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562).
"'Labor Law § 240(1) imposes a nondelegable duty . . . upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728, quoting Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1)" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d at 728; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290). Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) claim by submitting, among other things, transcripts of deposition testimony establishing that the accident was not caused by an elevation-related risk contemplated by the statute (see Kickler v Dove-Tree Greenery, Inc., 185 AD3d 1017; Lombardi v City of New York, 175 AD3d 1521, 1523-1524; Clark v FC Yonkers Assoc., LLC, 172 AD3d 1159, 1161), and that the plaintiff's action of engaging in an activity that he was not authorized or instructed to engage in, i.e., passing 30-foot-long rebar across the excavation site, was the sole proximate cause of his injuries (see Serrano v Popovic, 91 AD3d 626, 627; Capellan v King Wire Co., 19 AD3d 530, 532; Weingarten v Windsor Owners Corp., 5 AD3d 674, 677). In opposition, the plaintiff failed to raise a triable issue of fact.
"To establish liability under Labor Law § 241(6), a plaintiff . . . must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1258 [internal quotation marks omitted]; see Aragona v State of New York, 147 AD3d 808, 809), and "sets forth a specific standard of conduct and not simply a recitation of common-law safety principles" (St. Louis v Town of N. Elba, 16 NY3d 411, 414). Here, the plaintiff alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7(b) and 23-4.1(a) and (b) (see Palomeque v Capital Improvement Servs., LLC, 145 AD3d 912, 914; Harsch v City of New York, 78 AD3d 781, 783). 12 NYCRR 23-4.1(b) is not sufficiently specific to support a Labor Law § 241(6) claim (see Smith v Robert Marini Bldr., Inc., 83 AD3d 1188, 1189). Additionally, the defendants established, prima facie, the inapplicability of 12 NYCRR 23-1.7(b) and 23-4.1(a) and, in any event, that they did not violate either provision (see Salazar v Novalex Contr. Corp., 18 NY3d 134, 140; Palumbo v Transit Tech., LLC, 144 AD3d 773; Hernandez v Columbus Ctr., LLC, 50 AD3d 597; Rookwood v Hyde Park Owners Corp., 48 AD3d 779; Ruland v Long Is. Power Auth., 5 AD3d 580). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging [*3]violations of Labor Law §§ 200, 240(1), and 241(6).
Finally, while the Supreme Court should have considered the merits of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), rather than denying it as untimely (see Jenkin v Cadore, 185 AD3d 558; Munoz v Salcedo, 170 AD3d 735), an affirmance is appropriate given our determination with respect to that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law §§ 200, 240(1) and 241(6).
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court